STATE OF MAINE
PENOBSCOT, SS.

FILED AND ENTERED
SUPERIOR COURT

JAN 2 5 2000

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. AP-99-10
FCM-PEN-1/25/2000

STATE OF MAINE,
DEPARTMENT OF HUMAN SERVICES
o/b/o SANDRA WOOD,
   Plaintiff/Appellee

  v.

JOE H. McGOWAN, SR.,
   Defendant/Appellant

)
)
)
)
)
)
)
)
)

**ORDER ON APPEAL**

This matter is before the Court on Defendant's appeal of a District Court judgment, dated February 2, 1999, ordering Defendant to pay child support and Medicaid reimbursement. In his brief, Defendant contests only his paternity but, in the alternative, requests visitation with Danielle L. Wood, a minor child whom the District Court, by order dated March 30, 1998, determined to be the biological child of Defendant.

The issues of paternity and visitation rights are not properly before the Court because the February 2, 1999, order did not address these issues; paternity was established by the March 30, 1998, order. Accordingly, Defendant's appeal lacks merit

Defendant waived his right to contest paternity by failing to participate in the process to determine paternity. Where one party refuses to submit to testing to determine paternity, 19-A M.R.S. A. § 1558 authorizes the District Court to resolve paternity against that party. Defendant twice failed to appear for appointments for genetic testing, and he failed to contest the Motion for Sanctions filed by the Department of Human Services, on behalf of Sandra Woods, in which the

1

Department requested a determination of paternity. Defendant failed to appeal the March 30, 1998, order, and he may not now raise the issue of paternity in this appeal, as the finding of March 30, 1998, was not appealed in a timely fashion and became a final judgment on that issue. There is a question of whether or not the judgment of paternity was a final judgment. Certainly, the District Court has treated it in that fashion. If Defendant disputed that finding, the matter should have been raised by seeking a final order under Rule 54(b), M.R.Civ.P. That was not done.

Moreover and perhaps more importantly, even if Defendant's appeal contesting paternity was proper, Defendant has failed to demonstrate any error by the District Court. Defendant may not, on appeal argue the merits of an issue decided by his default and the conclusions mandated by the statute.

The issue of visitation rights may not be raised for the first time on appeal. Defendant's remedy is to file an action to determine parental rights and responsibilities, pursuant to 19-A M.R.S.A. §§ 1651 et seq.

The docket entry must be:

Appeal DENIED. The judgment of the District Court is AFFIRMED

Dated: January 23, 2000

Hon. Francis Marsano
JUSTICE, SUPERIOR COURT

2

Date Filed __3/1/99__  ___PENOBSCOT___  Docket No. _____  AP–99–10
                         County

Action ___DISTRICT COURT APPEAL___

Assigned to Justice Francis C. Marsano

DONALD L. GARBRECHT
LAW LIBRARY

MAR  6  2000

STATE OF MAINE, DEPARTMENT OF HUMAN
SERVICES obo SANDRA WOOD

                                              JOE H. McGOWAN, SR.

                              vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| OFFICE OF THE ATTORNEY GENERAL<br>84 HARLOW STREET<br>BANGOR, ME 04401<br>BY: Melissa Reynolds O'Dea, AAG | JOE H. McGOWAN, SR.<br>APT 1<br>64 STATE STREET<br>BREWER ME 04412 |

| Date of Entry | |
|---|---|
| 3/1/99 | Appeal from Bangor District Court, Docket No. BAN-98-FM-121.  The following papers were received and filed:<br>1.  Notice of Paternity Proceeding (Case ID 71298120P)<br>2.  Officer's Return of Service (s.d. 10/26/95)<br>3.  Answer to Complaint by Defendant, pro se.<br>4.  Motion for Sanctions<br>5.  Order on Motion for Sactions (Russell, J.)<br>6.  Notice of Hearing<br>7.  Child Support Worksheet<br>8.  Immediate Income Withholding Order (Russell, J.)<br>9.  Child Support Worksheet<br>10.  Child Support Order (Russell, J.)<br>11.  Order (Russell, J.)<br>12.  Notice of Appeal to Superior Court by Defendant (receipt attached)<br>13.  Attested copy of the District Court Docket Entries<br>14.  Plaintiff's Exhibit One<br>15.  Miscellaneous correspondence |
| 3/2/99 | Notice and Briefing Schedule 76G Appeal of District Court Civil Action form forwarded to Plaintiff's counsel and to Defendant, pro se. |
| 3/2/99 | Entry of Appearance of Melissa Reynolds O'Dea, Assistant Attorney General on behalf of Plaintiff Filed.  (Received 2/23/99) |
| 4/2/99 | Letter dated March 31, 1999 filed by Defendant Pro Se. - Pro Se Brief. |
| 5/03/99 | RESPONDENT'S BRIEF filed. |
| 12/7/99 | Pursuant to  Administrative Order, Single Justice Assignment of Civil cases, Docket No. SJC-323 effective January 1, 2000, this case assigned to Justice Francis C. Marsano.  Copy forwarded to attorneys and pro se parties of record. |